| | |
|---|---|
| DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street,<br>Denver, Colorado 80202 | DATE FILED<br>April 1, 2026 12:51 PM<br>FILING ID: 67201C09F6C50<br>CASE NUMBER: 2026CV30141 |
| Plaintiff: **MARCUS BORGES**, individually and on behalf of all others similarly situated,<br><br>**v.**<br><br>Defendants: **RENEWABLE ENERGY SYSTEMS LIMITED,** a foreign company, **RENEWABLE ENERGY SYSTEMS AMERICAS INC.,** a Delaware corporation, and **RES AMERICA CONSTRUCTION INC.** | ▲COURT USE ONLY▲ |
| Attorneys for the Plaintiff:<br><br>Adam M. Harrison, #50553<br>Cynthia J. Sánchez, #55999<br>HKM Employment Attorneys LLP<br>518 17th Street, Unit 1100<br>Denver, Colorado 80202<br>Phone: (720) 590-6774<br>Fax: (720) 668-8989<br>E-mail: aharrison@hkm.com<br>csanchez@hkm.com | Case Number: 2026CV30141<br><br>Division: 424 |

**SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND**

The Plaintiff, Marcus Borges ("Plaintiff"), individually and on behalf of all others similarly situated, through his undersigned attorneys from HKM Employment Attorneys LLP, and pursuant to the Colorado Wage Act, C.R.S. § 8-4-101 *et seq.* ("CWA"), Colorado's Equal Pay for Equal Work Act, C.R.S. § 8-5-101 *et seq.* ("CEPEWA"), and common law, as his Second Amended Individual and Class Action Complaint and Jury Demand against the Defendants, Renewable Energy Systems Limited ("RES Global") Renewable Energy Systems Americas Inc. ("RES

Americas"), and RES America Construction Inc.[1] ("RES America Construction") (collectively "Defendants") states as follows:

## NATURE OF THE CASE

1. The Plaintiff has been employed by the Defendants since May 2020.

2. The Defendants violated the Plaintiff's rights, and the rights of hundreds of other employees ("Class Members") under the CWA by failing to pay them wages and compensation that they earned during the 2022-2023 fiscal year, specifically, their earned bonuses.

3. In addition and in the alternative to the Class Members' CWA claims, the Defendants breached their implied covenant of good faith and fair dealing by exercising discretion that they purported to possess under written agreements with the Class Members in a manner that was arbitrary, unfair, and contrary to the reasonable expectations of the Class Members.

4. The Defendants' violations of the CWA were willful, as they had been previously informed by their Chief Executive Officer ("CEO") that the Class Members earned and were entitled to their bonuses, and that their withholding of the Class Members' bonuses was wrongful. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (holding that wage and hour violation is "willful" if the employer "knew or showed reckless disregard for the matter of whether its conduct violated the statute" and that the "court's operative inquiry focuses on the employer's diligence in the face of a statutory obligation, not on the employer's mere knowledge of relevant law").

5. The Defendants also committed retaliation in violation of the CEPEWA by subjecting the Plaintiff to adverse actions – including an unwarranted performance improvement plan and the withholding of a bonus earned by the Plaintiff during the 2024-2025 fiscal year – because he inquired about, disclosed, compared, and discussed his wages. *See* C.R.S. §§ 8-4-120, 8-5-102.[2]

6. On behalf of himself and the other Class Members, the Plaintiff seeks unpaid wages, applicable mandatory penalties under C.R.S. § 8-4-109(3)(b)(I), additional penalties under C.R.S. § 8-4-109(3)(b)(II) due to the willful nature of the Defendants' violations, reasonable

---

[1] On March 16, 2026, the Defendants' counsel communicated to the Plaintiff's counsel that "RES America Construction, Inc." employed the Plaintiff and is a necessary party. The Plaintiff's counsel was not able to locate RES America Construction's registration, and accidentally misstated their name in the First Amended Complaint. This Second Amended Complaint is being filed to correct the entity name and clarify the nature of the putative Class.

[2] These adverse actions also constitute discrimination and retaliation in violation of Colorado and federal law. The Plaintiff is in the process of exhausting administrative remedies with the Equal Employment Opportunity Commission and the Colorado Civil Rights Division to exhaust such claims, after which he intends to amend his Complaint to add them to this action.

attorneys' fees, and costs, or in the alternative, actual and compensatory damages incurred by the Class Members as a result of the Defendants' breach of their implied covenant of good faith and fair dealing. *See* C.R.S. §§ 8-4-109(3), 8-4-110.

7. Individually, Plaintiff also seeks unpaid wages, back pay, interest on unpaid wages, liquidated damages, reasonable attorney's fees, and costs for the Defendants' violations of the CEPEWA. *See* C.R.S. § 8-5-104.

## PARTIES

8. The Plaintiff is a Colorado domiciliary who can be contacted through his counsel, HKM Employment Attorneys LLP, 518 17th Street, Suite 1100, Denver, Colorado 80202.

9. At all times relevant to this Complaint, the Plaintiff worked for the Defendants in Colorado and was an "employee" entitled to the protections of CWA, the CEPEWA, and Colorado common law. *See* C.R.S. § 8-4-101(5).

10. RES Global is a multinational company with its principal office in Kings Langley, England.

11. RES Americas and RES America Construction are a multinational corporations with their principal offices at 1601 19th Street, Denver, Colorado 80202.

12. At all times relevant to this Complaint, the Defendants were "employers" who did business in Colorado and were subject to the requirements and prohibitions of Colorado law and American common law. *See* C.R.S. § 8-4-101(6).

## JURISDICTION AND VENUE

13. The Plaintiff incorporates the allegations in the paragraphs above as if fully set forth herein.

14. This Court has original jurisdiction over this action pursuant to Article 6 § 9(1) of the Colorado Constitution and C.R.S. § 13-1-124(1)(a), (b), and (c).

15. Venue is proper before this Court pursuant to Rule 98 because RES Americas, Inc. resides in this District, the Defendants may be found in this District, and a substantial part of the events leading up to the filing of this Complaint occurred in Denver.

## FACTUAL ALLEGATIONS

16. The Plaintiff incorporates the allegations in the paragraphs above as if fully set forth herein.

17. RES Americas is a multinational corporation that is primarily engaged in the renewable energy business.

18. RES Global is the parent company of RES Americas and RES America Construction.

19.

20. For all intents and purposes, the Defendants operated as a single entity and jointly employed the Plaintiff and the other Class Members at all times relevant to this Complaint.

21. At all times relevant to this Complaint, RES Global exercised substantial control over RES Americas and RES America Construction, including over their management and human resources management.

22. At all times relevant to this Complaint, the Defendants jointly determined the essential terms and conditions of the Class Members' employment.

23. At all times relevant to this Complaint, the Defendants employed thousands of employees in dozens of countries, including the United States.

24. At all times relevant to this Complaint, the Defendants did business in Colorado as part of the State's energy industry.

25. The Plaintiff has worked for the Defendants in Colorado since May 2020.

26. At all times relevant to this Complaint, the Plaintiff performed his job successfully, satisfactorily, and in accordance with the Defendants' legitimate expectations.

27. Under his agreements with the Defendants, the Plaintiff was and is entitled to an annual salary, and is eligible for annual bonuses based on his performance and the Defendants' annual financial results.

28. On information and belief, the Defendants employed and employ hundreds of employees ("Class Members") who, like the Plaintiff, were and are eligible for annual bonuses based on their performance, and the Defendants' annual financial results.

29. During the 2022-2023 fiscal year ("FY23"), the Plaintiff and the Class Members earned annual bonuses based on their performance, and the financial results for FY23.

30. Throughout FY23, which ended October 31, 2023, the Defendants consistently provided the Plaintiff and the other Class Members with financial information that reflected that they were on track to receive their bonuses.

31. At no point during FY23 did the Defendants give any indication that the Plaintiff and the other Class Members were not on track to receive their bonuses.

32. Accordingly, it was the understanding and expectation of the Plaintiff and the Class Members that they would receive their bonuses for FY23.

33. The Defendants subsequently manipulated their financial results to avoid paying the Plaintiff and the Class Members their FY23 bonuses.

34. The CEO of RES Americas, John Rohde, repeatedly challenged the Defendants' manipulation of their financial results. Mr. Rohde made it clear to the Defendants' joint executive leadership that the Class Members earned their bonuses, that the Class Members were entitled to their bonuses, and that the Defendants' conduct in seeking to withhold the Class Members' bonuses was wrongful.

35. During one such communication, the CEO told the Defendants' executive management that they were "screwing" the Class Members.[3]

36. Instead of the bonuses they earned in FY23, the Defendants issued very small "retention awards" to the Plaintiff and the other Class Members in February 2024.

37. In 2025, the Plaintiff's supervisor repeatedly verbally represented to the Plaintiff that he would receive a significant salary increase. He eventually received an increase that was far more modest than what he had been promised.

38. The Plaintiff subsequently spoke to his supervisor and to human resources regarding his salary and inquired about the salary increase that had been promised to him.

39. The Plaintiff suffers from disabling medical conditions as a result of surgeries he received for Scoliosis.

40. The Plaintiff sought reasonable accommodations for his disabilities in October 2025.

41. The Plaintiff earned his bonuses for the 2024-2025 fiscal year ("FY25").

---

[3] On June 26, 2024, John Rohde filed a putative class action lawsuit, which was eventually docketed with the U.S. District Court for the District of Colorado as Case No. 1:24-cv-01789, on behalf of himself and the other Class Members asserting that the Defendants' withholding of bonuses violated the CWA and breached the Defendants' duty of good faith and fair dealing. On September 4, 2025, the Plaintiff dismissed the class allegations in his lawsuit by filing a Second Amended Complaint. Under the doctrines from *American Pipe* ant its progeny, the Class Members' statutes of limitations were tolled from the date on which Mr. Rohde filed his lawsuit to September 4, 2025. *See Shriners Hospitals for Children v. Qwest Commc'ns Int'l Inc.,* No. 04-cv-00781 REB-KLM, 2007 WL 2801494, at *2 (D. Colo. Sept. 24, 2007) (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) in recognizing that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action").

42. On or around October 27, 2025, the Defendants retaliated against the Plaintiff for inquiring about and discussing his wage rate, and for requesting reasonable accommodations, by issuing him an unwarranted performance improvement plan ("PIP") that was based on exaggerated and fabricated allegations.

43. As a result of the Defendants' retaliatory PIP, the Defendants withheld the Plaintiff's FY25 bonus.

44. At all times relevant to this Complaint, the Defendants knew or through the exercise of any modicum of diligence would have known that their failure to pay the Plaintiff's and the Class Members' bonuses violated Colorado law.

45. The Defendants acted with knowledge that they were violating the Class Members' rights. They were informed on multiple occasions by the CEO of RES Americas that the Class Members had earned their bonuses, that the Class Members were entitled to their bonuses, and that they were "screwing" the Class Members by manipulating their financial results in order to avoid paying the Class Members their earned bonuses.

46. The Defendants nevertheless intentionally manipulated their financial result for the purpose of avoiding paying bonuses to the Class Members.

47. Moreover, the Defendants failed to exercise any modicum of diligence, or to make any effort to ascertain whether their practices complied with Colorado law, prior to the filing of the class action that John Rohde filed on behalf of the Class Members on June 6, 2024.

48. The Defendants did not ever engage in any investigation, review, audit, or analysis to determine whether their practices complied with Colorado law at any time prior to the filing of Mr. Rohde's class action. At best, such conduct constitutes reckless disregard for whether the Defendants were violating Colorado law.[4]

49. Through the filing of the initial class action, Mr. Rohde sent the Defendants a CWA written demand for payment of wages on behalf of himself and the other Class Members.

50. To date, the Defendants have not tendered any of the bonuses due to the Plaintiff and the Class Members in response to Mr. Rohde's CWA written demand.

## <u>CLASS ALLEGATIONS</u>

51. The Plaintiff incorporates the allegations in the paragraphs above as if fully set forth herein.

---

[4] *See Johnson v. Colorado Seminary,* No. 17-cv-02074-MSK-KMT, 2019 WL 4306197, at *8 (D. Colo. Sept. 11, 2019) (citing *Mumby*, 636 F.3d at 1270, in holding that employer who did not have any evidence demonstrating that they exercised diligence had acted willfully).

52. In addition to bringing his claims individually, the Plaintiff also brings this case as a class action under C.R.C.P. 23 on behalf of the following Class:

> **All individuals who worked for the Defendants in Colorado in positions where they were eligible for annual bonuses during the 2022-2023 fiscal year.**

53. This Class satisfies the prerequisites and requirements of C.R.C.P. 23(a):

a. The Class consists of hundreds of employees. Joinder of all such employees would be impracticable.

b. There are questions of law and fact that are common to the Class Members that predominate over questions affecting only individuals, including but not limited to:

i. Whether the Defendants are covered by Colorado law and/or subject to common law claims for breaching their duties of good faith and fair dealing;

ii. Whether the bonuses were "wages" and/or "compensation" under the CWA;

iii. Whether the Defendants violated the CWA by failing to pay bonuses to employees for the 2022-2023 fiscal year;

iv. Whether the Defendants breached their implied covenant of good faith and fair dealing by failing to pay bonuses to employees for the 2022-2023 fiscal year; and

v. Whether the Defendants' violations of Colorado law were willful.

c. The Plaintiff's claims are typical of the Class Members' claims because he was subject to the same non-payment of bonuses, and the same bad faith and fair dealing, as the other Class Members.

d. The Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel that is experienced in wage and hour class litigation, and he and his counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

54. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants and would not serve the interests of judicial economy. Adjudications with

respect to individual Class Members would, as a practical matter, be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests.

55. Moreover, the Defendants have acted upon grounds that are generally applicable to the Class and are likely to bring the same defenses in response to the Class Members' claims.

56. To date, no Class Member other than the Plaintiff has commenced their own lawsuit against the Defendants based on the claims set forth in this Complaint.

## CLASS CLAIMS

## CLAIM I

### WAGE THEFT IN VIOLATION OF THE COLORADO WAGE ACT

### C.R.S. § 8-4-101 *et seq.*

57. The Plaintiff incorporates the allegations in the paragraphs above as if fully set forth herein.

58. The CWA requires employers to pay all "wages" and "compensation" earned by employees in a timely manner, which generally must be 30 days or fewer from the date on which the wages/compensation are earned. C.R.S. § 8-4-103(1)(a).

59. The CWA also requires employers to pay employees all earned wages and compensation immediately upon termination. C.R.S. § 8-4-109(1).

60. The CWA defines "wages" and/or "compensation" to include: "(I) All amounts for labor or service performed by employees [that are] earned, vested, and determinable;" (II) "Bonuses or commissions earned for labor or services performed in accordance with the terms of any agreement;" "(III) vacation pay earned in accordance with the terms of any agreement;" and (IV) "'Paid sick leave' as provided in [the Healthy Families and Workplaces Act]." C.R.S. § 8-4-101(14)(a).

61. A bonus is wages/compensation due to an employee if/when it is: (A) "earned," meaning that the employee performed the work they had to perform; (B) "in accordance with the terms of any agreement," meaning that any *lawful* conditions that had to be met before the bonus would be paid were in fact met; and (C) "determinable," meaning that the dollar amount of the bonus/commission was capable of being calculated. C.R.S. § 8-4-101(14)(a)(I) and (II); *see Nieto v. Clark's Market, Inc.*, 2021 CO 48 ¶ 18 (defining "earned" as meaning "owed as a return for . . . work done or services rendered").

62. Employers who violate the CWA by failing to pay wages/compensation earned by an employee, and who continue to violate the Act by failing to "tender" such wages/compensation within 14 days of receiving a "written demand" are liable for either: (A) treble damages, if the

employee is not able to show that the employer's wage violation was "willful;" or (B) quadruple damages, if the employee *is* able to show that the violation was willful. C.R.S. § 8-4-109(3)(a)-(b); *see Graham v. Zurich Am. Ins. Co.*, 2012 COA 188, ¶¶ 12-14 ("[P]enalties are mandatory if (1) the employee makes a written demand for payment and (2) the defendant does not pay within fourteen days."). A violation is "willful" if the employer "either knew or showed reckless disregard for the matter of whether its conduct violated the statute." *Mumby*, 636 F.3d at 1270; C.R.S. § 8-4-109(3)(b)(II).

63. In addition, employers who violate the CWA are presumptively liable for attorney's fees and costs incurred by the employee in obtaining their unpaid wages. C.R.S. § 8-4-110(b); *Lester v. Career Bldg. Acad.*, 2014 COA 88, ¶¶ 15-16 (holding that the CWA contains rebuttable presumption that prevailing employee is entitled to fees and costs).

64. At all times relevant to this Complaint, the Plaintiff and the Class Members were "employees" subject to the protections of the CWA. *See* C.R.S. § 8-4-101(5).

65. At all times relevant to this Complaint, the Defendants were "employers" as defined by the CWA. *See* C.R.S. § 8-4-101(6).

66. The Defendants violated the CWA by failing to pay the Plaintiff and the other Class Members bonuses that they earned during FY23.

67. The Defendants further violated the CWA by failing to pay the Class Members' bonuses within 14 days of receiving Mr. Rohde's CWA written demand.

68. The Defendants also violated the CWA by failing to pay the Plaintiff a bonus that he earned during FY25.

69. Because the Defendants knew or, through the exercise of reasonable diligence should have known, that their actions violated the CWA, the Defendants' violations were willful as a matter of law. *See* C.R.S. § 8-4-109(3)(c); *see also Mumby*, 636 F.3d at 1270 (holding that wage and hour violation is "willful" if the employer "knew or showed reckless disregard for the matter of whether its conduct violated the statute" and that the "court's operative inquiry focuses on the employer's diligence in the face of a statutory obligation, not on the employer's mere knowledge of relevant law"); *see also Johnson*, 2019 WL 4306197, at *8 (granting summary judgment on the issue of willfulness to plaintiffs who demonstrated that employer did not exercise any diligence).

70. Because the Defendants willfully violated the CWA, they are liable to the Plaintiff and the Class Members for all unpaid wages, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I), additional penalties under C.R.S. § 8-4-109(3)(b)(II), and all reasonable attorney's fees and costs incurred by the Class in obtaining their wages/compensation. *See* C.R.S. §§ 8-4-109(3), 8-4-110(1)(b).

## CLAIM 2

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

71. The Plaintiff incorporates the allegations in the paragraphs above as if fully set forth herein.

72. In Colorado, every agreement that gives one party discretion to determine terms of the agreement includes a "covenant of good faith and fair dealing." *Univ. of Denver v. Doe*, 2024 CO 27, ¶ 85.

73. To prove a violation of the implied covenant of good faith and fair dealing, a plaintiff must establish: (1) the existence of a contract with a term that allowed for discretion by the defendant; (2) performance by the plaintiff; (3) the defendant's failure to perform under the relevant term in a manner consistent with the parties' reasonable expectations; and (4) resulting damages to the plaintiff. *Id.* at ¶ 46.

74. In the alternative to the Plaintiff's and the Class Members' CWA claims related to FY23, and to the extent that the agreements between the Defendants and the Class Members allowed discretion in the payment of bonuses, the Defendants breached their implied covenant of good faith and fair dealing with the Class Members.

75. The Class Members earned their FY23 bonuses and were consistently provided with information showing that they were on track to receive those bonuses. The Defendants then breached their duty of good faith and fair dealing by withholding the bonuses they had led the class members to expect in FY23.

76. Moreover, the Defendants breached their covenant of good faith and fair dealing by withholding the Plaintiff's FY25 bonus.

77. As a result of the Defendants' breach of their implied covenant of good faith and fair dealing, the Plaintiff and the other Class Members were deprived of millions of dollars of bonuses.

## PLAINTIFF'S INDIVIDUAL CLAIMS

## CLAIM 3

### RETALIATION IN VIOLATION OF COLORADO'S EQUAL PAY FOR EQUAL WORK ACT

### C.R.S. § 8-5-101 *et seq.*

78. The Plaintiff incorporates the allegations in the paragraphs above as if fully set forth herein.

79. The CEPEWA declares:

> An employer shall not . . . [d]ischarge, discipline, discriminate against, coerce, intimidate, threaten, or interfere with an employee or other person because the employee or person inquired about, disclosed, compared, or otherwise discussed the employee's wage rate.

C.R.S. § 8-5-102(2)(d).

80. An employer who violates the CEPEWA by terminating an employee because they "inquired about, disclosed, compared, or otherwise discussed the employee's wage rate" may be liable for: "(a) [l]egal and equitable relief, which may include employment, reinstatement, promotion, pay increase, payment of lost wage rates, and liquidated damages; and (b) [t]he employee's reasonable costs, including attorney fees." C.R.S. § 8-5-104(2).

81. The Defendants violated the CEPEWA by retaliating against the Plaintiff for inquiring about, disclosing, comparing, and otherwise discussing his wages,

82. Accordingly, the Defendants are liable to the Plaintiff for back pay, front pay, liquidated damages, attorneys' fees, and costs. *See* C.R.S. § 8-5-104(2).

## PRAYER FOR RELIEF

For the reasons set forth above, the Plaintiff respectfully requests that judgment be entered for the Plaintiff and the Class Members, and against the Defendants, and that the Court:

(1) At the earliest time practicable, certify this case as a class action under C.R.C.P. 23, and appoint the Plaintiff and his counsel to represent the Class;

(2) Award the Plaintiff and the Class Members:

  a. Unpaid wages in amounts to be determined at trial;

  b. Mandatory penalties under C.R.S. § 8-4-109(3)(b)(I) in an amount equal to two times the unpaid wages awarded to each Class Member;

  c. Additional penalties under C.R.S. § 8-4-109(3)(b)(II) in an amount equal to the unpaid wages awarded to each Class Member;

  d. Or in the alternative, actual and compensatory damages for the Defendants' breach of their implied covenant of good faith and fair dealing;

(3) Award the Plaintiff:

  a. A service award for his services to the Class;

b. Unpaid wages in an amount to be determined at trial;

c. Back pay in an amount to be determined at trial;

d. Interest on unpaid wages;

e. Liquidated damages in an amount to be determined at trial;

(4) Award the Plaintiff and the Class Members their reasonable attorneys' fees and costs incurred in this action; and

(5) Award the Plaintiff and the Class Members all other and further relief as the Court may find to be equitable, appropriate, and just.

**JURY TRIAL DEMAND**

Plaintiff Marcus Borges requests a trial by jury of at least six persons on all issues so triable.

Respectfully submitted on this 1st day of April, 2026.

*/s/ Adam M. Harrison*
Adam M. Harrison
Cynthia J. Sánchez
HKM Employment Attorneys LLP
518 17th Street, Suite 1100
Denver, Colorado 80202
720.255.0370
aharrison@hkm.com
csanchez@hkm.com
*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April 2026, the foregoing **SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND** was filed with the Court via CCES, generating true and accurate copies to all counsel of record.

*/s/ Marley Clark*
Marley Clark